1  Harold W. Potter, Esq., SBN 120107
   hwp@jones-mayer.com
2  James R. Touchstone, Esq., SBN 184584
   jrt@jones-mayer.com
3  Denise L. Rocawich, Esq., SBN 231473
   dlr@jones-mayer.com
4  JONES & MAYER
5  3777 N. Harbor Blvd.
   Fullerton, California 92835
6  Telephone:  (714) 446-1400
   Facsimile:  (714) 446-1448
7
8  Attorneys for Defendants, City of Whittier,
   Chief of Police Jeff A. Piper, Lamarr Tinnin,
9  Jim Azpilicueta, Roy Benjamin, Jake Junge,
   John King, Richard Jensen, Jose Escobedo

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMIN SALCIDO, and GARY SALCIDO, individually and as surviving heirs and successors in interest of JONATHAN SALCIDO (deceased),<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WHITTIER, CHIEF OF POLICE JEFF A. PIPER (in his individual and official capacity), LAMARR TINNIN (in his individual and official capacity), JIM AZPILICUETA (in his individual and official capacity), ROY BENJAMIN (in his individual and official capacity), JAKE JUNGE (in his individual and official capacity), JOHN KING (in his individual and official capacity), RICHARD JENSEN (in his individual and official capacity), JOSE ESCOBEDO (in his individual and official capacity) and DOES 8-20, inclusive,<br><br>Defendants. | Case No. 2:17-cv-8819-CBM(ASx)<br><br>*[Assigned to the Honorable Consuelo B. Marshall -Courtroom 8B]*<br><br>**MOTION IN LIMINE NO. 3**<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE UNRELATED WHITTIER POLICE DEPARTMENT INTERNAL AFFAIRS AND USE OF FORCE INVESTIGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**DATE:       April 2, 2019**<br>**TIME:       10:00 a.m.**<br>**Courtroom:  8B** |

- 1 -

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE THAT Defendants CITY OF WHITTIER, JEFF A. PIPER, LAMARR TINNIN, JIM AZPILICUETA, ROY BENJAMIN, JAKE JUNGE, JOHN KING, RICHARD JENSEN and JOSE ESCOBEDO (hereinafter "Defendants"), will and hereby do jointly move this Court, before trial and prior to jury selection, for the following order in Limine to exclude:

1. Evidence of unrelated Internal Affairs' investigations of the defendant Police Officers, including their results; and

2. Evidence of unrelated Use of Force investigations involving the defendant Police Officers.

This motion is made pursuant to Rule 401, 402, 403, 404 and 407 of the Federal Rules of Evidence.

This motion is made following meeting and conferring with Plaintiff's counsel pursuant to Local Rule 7-3 and is based upon this Notice, the attached Memorandum of Points and Authorities, and any further evidence that may be presented at the hearing on the motion.

Dated: March 5, 2019

JONES & MAYER

By: _____
Harold W. Potter, Esq.
James R. Touchstone, Esq.
Denise L. Rocawich, Esq.
Attorneys for Defendants
CITY OF WHITTIER, JEFF A. PIPER, LAMARR TINNIN, JIM AZPILICUETA, ROY BENJAMIN, JAKE JUNGE, JOHN KING, RICHARD JENSEN, JOSE ESCOBEDO

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

During the course of discovery, Defendant City of Whittier produced Internal Affairs' investigations of the named Police Officer defendants to Plaintiffs. These investigations spanned several years prior to and are all unrelated to the May 4, 2017, incident which gives rise to this case. Defendant City of Whittier also produced certain, unrelated Use of Force investigations involving the named defendant Police Officers.

It is worth noting again that the Defendants only seek to exclude investigations unrelated to the May 4, 2017, incident which gives rise to this litigation. Accordingly, for the reasons described below, Defendants move to exclude reference to any of these unrelated Internal Affairs' investigations and Use of Force investigations by any party during trial in this case.

**II.    ANALYSIS**

   **A.     Evidence of Unrelated Internal Affairs and Use of Force Investigations re Inadmissible Under Rule 407**

Federal Rule of Evidence 407 prohibits the admission of subsequent remedial measures into evidence. Internal investigations by the Whittier Police Department, such as internal affairs and use of force investigations, are deemed to be subsequent remedial measures. See Maddox v. City of Los Angeles, 792 F.2d 1408, 1417 (9th Cir. 1986). Therefore, any evidence of these investigations, including their results, is inadmissible for any purpose.

   **B.     Evidence of Unrelated Internal Affairs and Use of Force Investigations are Inadmissible Under Federal Rules of Evidence 401, 402 and 403**

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without

the evidence." Rule 402 provides that "all relevant evidence admissible." However, Rule 403 provides in pertinent part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or a needless presentation of cumulative evidence."

"Unfair" in this context means the evidence has an undue tendency to suggest a jury decision based upon an improper basis, usually an emotional one. See United States v. Young, 754 F.Supp. 739, 742 (D.S.D. 1990). Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. See United States v. Guerrero, 756 F.2d 1342, 1348 (9th Cir. 1984); United States v. Black, 20 F.3d 1458, 1464 (9th Cir. 1994).

Here, Rule 403 necessitates that this Court exclude any evidence that the Whittier Police Department conducted these unrelated Internal Affairs and Use of Force investigations of the named Police Officer defendants. First, as noted, none of these investigations are related in any way to the underlying incident giving rise to this litigation. In fact, some of the Internal Affairs' investigations are from as much as roughly six or seven years before the May 4, 2017 incident. Therefore, evidence of any aspect of these investigations is not "relevant" as defined by Rule 401 and has absolutely no probative value for the sake of the Court's 403 analysis.

Regardless, all of the remaining 403 factors indicate that these investigations and their results should be excluded. First, this evidence would run afoul of Rule 403 because a jury might infer an officer was guilty of wrongdoing merely because the police department conducted a disciplinary investigation. Maddox, 792 F.2d at 1417.

Second, evidence of these investigations and their results could easily confuse jurors because they apply different standards than the jury will here. See Davis v. Scherer, 468 U.S. 183, 194 (1984) (holding that officials do not lose the

benefit of qualified immunity because they violated some internal policy or regulation); Edwards v. Baer, 863 F.2d 606, 608 (8th Cir. 1989) (stating that although the underlying incident there "would not have occurred if the [defendant police officer] had followed the department's guidelines, police department guidelines do not create a constitutional right"); Vance v. Peters, 97 F.3d 987, 995 (7th Cir. 1996) (rejecting the hearing officer's finding that a prison officer used excessive force because that decision "was based upon the standards set forth in the prison's internal rules or policies, not on Eighth Amendment criteria").

      Third, evidence of these unrelated investigations would waste time during the trial. Merely presenting evidence of the thirteen unrelated Internal Affairs' investigations, as well as the Use of Force investigations, could end up constituting a trial within the trial. Presenting, and then rebutting, this evidence would expend a great deal of time. This case is first and foremost about the actions of the defendant Whittier Police Officers on May 4, 2017. It is not the forum take a jury through a detailed history of the defendant Officers' Whittier Police Department careers by way of unrelated Internal Affairs and Use of Force investigations. Accordingly, evidence of these unrelated Internal Affairs and Use of Force investigations would waste significant time during the trial.

      In light of the foregoing, admission of this evidence would violate Rule 403. This is because its probative value is substantially outweighed by the danger of confusion of the issues and unfair prejudice to the Defendants. This confusion and prejudice exists even if the jury learns about the contextual and motivational differences between the juror's decision and these internal Whittier Police Department investigations. This danger cannot be avoided through any curative instruction. Moreover, explaining the context and purposes of both Internal Affairs and Use of Force investigations would result in the undue consumption of time at trial. Prudence demands that the Court exclude this evidence altogether.

///

...

### C. Evidence of the Unrelated Internal Affairs and Use of Force Investigations are Inadmissible Under Federal Rules of Evidence 404

The unrelated Internal Affairs and Use of Force investigations and their results are also inadmissible as improper character evidence.

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith." Commentators and case law agree that evidence of unrelated acts of misconduct are inadmissible in a civil trial. It was observed that, "Rule 404, by its use of the word 'accused'. . .adopts the orthodox position of rejecting evidence of character in civil actions offered as a basis for inferring an act." See 2 Weinstein Evidence, ¶ 404(03) (1990). Further, as it relates to Internal Affairs' investigations, in Berkovich v. Hicks, 922 F.2d 1018 (2nd Cir. 1991), the trial Court's decision to exclude prior complaints against a police officer was affirmed. The Court noted that plaintiffs attempt to introduce evidence of prior complaints "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits--introducing evidencing of bad acts to show the defendants' propensity to commit such acts." Id. at 1022.

Consequently, the Defendants request the Court exclude evidence of any of the unrelated Internal Affairs and Use of Force investigations, and their results, from trial.

## III. CONCLUSION

The Defendants respectfully request that this Court enter a pre-trial Order precluding any party from introducing evidence or making any reference to any of the unrelated Internal Affairs and/or Use of Force investigations, including their results. Admitting such evidence would violate existing case law and Federal Rules of Evidence 401, 402, 403, 404 and 407. These reports have no probative value.

///

- 5 -
DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO EXCLUDE UNREALTED WHITTIER POLICE DEPARTMENT INTERNAL AFFAIRS AND USE OF FORCE INVESTIGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

1 Moreover, their admission is fraught with the danger of unfair prejudice.
2 Accordingly, the Defendants respectfully request that the Court grant their Motion
3 in Limine No. 3.

5 Dated: March 5, 2019         JONES & MAYER

7 By: _____
    Harold W. Potter, Esq.
    James R. Touchstone, Esq.
    Denise L. Rocawich, Esq.
    Attorneys for Defendants
    CITY OF WHITTIER, JEFF A. PIPER, LAMARR TINNIN, JIM AZPILICUETA, ROY BENJAMIN, JAKE JUNGE, JOHN KING, RICHARD JENSEN, JOSE ESCOBEDO